ORIGINAL

FILED
2011 JUN -6 P 3:12
RICHARD W. WIEKING
CLERK, U.S. DISTRICT
E-filing

1  Tammy Hussin (Bar No. 155290)
2  *Of Counsel*
   Lemberg & Associates LLC
3  6408 Merlin Dr., Suite #100
4  Carlsbad, CA 92011
   Telephone (855) 301-2300 ext. 5514
5  thussin@lemberglaw.com

6
7  Lemberg & Associates, LLC
   1100 Summer Street
8  Stamford, CT 06905
   Telephone: (203) 653-2250
9  Facsimile: (203) 653-3424

10

11 Attorneys for Plaintiff,
12 Michael Cozzolino

13

14

15              UNITED STATES DISTRICT COURT
16             NORTHERN DISTRICT OF CALIFORNIA

                        11      2714   EDL
17
18 | Michael Cozzolino,              | Case No.:
19 |                                 |
   | Plaintiff,                      | **COMPLAINT FOR DAMAGES**
20 |                                 | **1. VIOLATION OF FAIR DEBT**
   | vs.                             | **COLLECTION PRACTICES ACT,**
21 |                                 | **15 U.S.C. § 1692 ET. SEQ;**
22 | NCO Financial Systems, Inc.; and DOES | **2. VIOLATION OF FAIR DEBT**
   | 1-10, inclusive,                | **COLLECTION PRATICES ACT,**
23 |                                 | **CAL.CIV.CODE § 1788 ET. SEQ.**
24 | Defendants.                     |
   |                                 | **JURY TRIAL DEMANDED**
25

26
27                                              **BY FAX**
28

                                         COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Michael Cozzolino, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Michael Cozzolino (hereafter "Plaintiff"), is an adult individual residing in Oakland, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania business entity with an address of 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by NCO and whose identities are currently unknown to the Plaintiff. One or more of the

Collectors may be joined as parties once their identities are disclosed through discovery.

7. NCO at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Defendant contacted Plaintiff for a debt allegedly incurred for a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCO Engages in Harassment and Abusive Tactics

12. Plaintiff has been contacted by NCO in an attempt to collect the Debt for more than two years. NCO contacts Plaintiff up to two times a day for multiple days in a row.

13. The Debt does not belong to Plaintiff. Plaintiff has been advised by NCO that the Debt belongs to Annette Francis. Plaintiff does not know Annette Francis and

has no relation to Annette Francis. Plaintiff has advised NCO on scores of occasions that Annette Francis does not reside with him. Plaintiff has instructed NCO on scores of occasions to cease contacting Plaintiff for a Debt that does not belong to him.

14. NCO has acknowledged that the Debt does not belong to Plaintiff and NCO promised Plaintiff on scores of occasions that it would cease placing calls to Plaintiff.

15. NCO continued to place daily calls to Plaintiff despite assuring Plaintiff that the calls would cease.

C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

21.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

22.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

26. NCO Financial Systems, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

27. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

28. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

29. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

30. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: June 6, 2011              Tammy Hussin


By: /s/ *Tammy Hussin*
Tammy Hussin, *of Counsel*
Lemberg & Associate, LLC
Attorney for Plaintiff, Michael Cozzolino